```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                  Civil No. 13-232(DSD/SER)
```

R.J. Zayed, In His Capacity
as Court-Appointed Receiver for
Oxford Global Partners, LLC,
Universal Brokerage FX, and
Other Receiver Entities,

        Plaintiff,

v.                                          **ORDER**

Associated Bank, N.A.,

        Defendant.

    This matter is before the court upon the motion for review of taxation of costs by plaintiff R.J. Zayed, in his capacity as court-appointed receiver. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

    On January 31, 2017, the court granted defendant Associated Bank, N.A.'s motion for summary judgment. On May 4, 2016, the clerk of court taxed $23,068.50 in favor of Associated Bank, which included $22,532.50 in transcript fees. ECF No. 292. Zayed now moves for review of the cost judgment, arguing that the clerk erroneously included non-taxable costs relating to transcripts.

    The court has "substantial discretion" in awarding costs to a prevailing party under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). <u>Zotos v. Lindbergh Sch. Dist.</u>, 121 F.3d 356, 363 (8th Cir. 1997). Unless a federal statute, rules, or court order provides otherwise, "costs – other than attorney's fees – should be

allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Plaintiffs have the burden to show that the cost judgment "is inequitable under the circumstances." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002).

Although Zayed argues that the clerk erroneously included costs such as lunch and delivery costs, the record indicates otherwise. In reviewing the bill of costs submitted by Associated Bank, ECF No. 278, the court finds that the clerk correctly taxed Zayed for the cost of certified transcripts, court reporter/videographer appearance fees, and exhibits, which totaled $22,535.50.[1] See id. Ex. C. There is no indication that the clerk included delivery fees, lunch, or other non-taxable items. Although costs, such as delivery fees, were included on the itemized receipts submitted by Associated Bank, the clerk did not include these costs in calculating taxable costs. Indeed, if these costs were included, the amount awarded would have been significantly higher.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for review of taxation of costs [ECF No. 293] is denied.

Dated: August 1, 2017

s/David S. Doty
David S. Doty, Judge
United States District Court

---

[1] Zayed does not challenge the propriety of these costs.